UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No.   22-cr-335 (MAU) |
| SHAUN DEATON | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Mr. Deaton is a 44 year old homeless man with no criminal history who has already suffered in many ways as a result of his conduct. He has had a past filled with many challenges, especially his debilitating medical condition that has plagued him for more than 10 years. This medical condition not only caused his homelessness but also contributed to the instant offense.

Mr. Deaton came to Washington, D.C. from Indiana for one reason and that was to seek help after exhausting many efforts in Indiana. He takes full responsibility for his actions and knows that was not the appropriate way to seek help. He will never repeat this conduct and wishes to move out of the area to a warmer climate. He will never return to D.C. again.

Based on these reasons and the reasons described below, a sentence of time served (approximately 2 days' incarceration) is sufficient but not greater than necessary to accomplish the goals of sentencing when considering all of the 3353(a) factors.

1

**BACKGROUND**

On October 17, 2022, Mr. Deaton entered a guilty plea to one count of misdemeanor Destruction of Government Property, in violation of 18 USC §1361. At that time, a pre-sentence report was ordered, which Mr. Deaton has reviewed and does not have any further objections to its contents. Mr. Deaton will be before this Court for sentencing on December 20, 2022.

**ARGUMENT**

I.   **Legal Standard**

The Court is well aware that the Supreme Court's opinions in *Kimbrough v. United States*, 552 U.S. 84 (2007), and *Gall v. United States*, 552 U.S. 38 (2007), have dramatically altered the law of federal sentencing.  Congress has required federal courts to impose the least amount of imprisonment necessary to accomplish the purposes of sentencing as set forth in 18 U.S.C. §3553(a).  Those factors include (a) the nature and circumstances of the offense and history and characteristics of the defendant; (b) the kinds of sentences available; (c) the advisory guideline range; (d) the need to avoid unwanted sentencing disparities; (e) the need for restitution; and (f) the need for the sentence to reflect the following: the seriousness of the offense, promotion of respect for the law and just punishment for the offense, provision of adequate deterrence, protection of the public from future crimes and providing the defendant with needed educational and vocational training, medical care, or other correctional treatment.  *See* 18 U.S.C. §3553(a).  As the Supreme Court made clear in *Kimbrough* and *Gall*, the Sentencing Guidelines are simply an

advisory tool to be considered alongside other statutory considerations set forth in 18 U.S.C. §3553(a).

In two more summary reversals, the Court further clarified that the Guidelines cannot be used as a substitute for a sentencing court's independent determination of a just sentence based upon consideration of the statutory sentencing factors. *Nelson v. United States*, 129 S. Ct. 890 (2009), 2009 WL 160585 (Jan. 26, 2009); *Spears v. United States*, 129 S. Ct. 840 (2009), 2009 WL 129044 (Jan. 21, 2009). "Our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable," the Court held in *Nelson*. 2009 WL 160585, at *1. Rather, the court must weigh each of the factors and impose a sentence that constitutes the least amount of imprisonment necessary pursuant to Section 3553(a).

## II. Imposing a Time-Served Sentence is Sufficient, But Not Greater Than Necessary, to Comply with 18.U.S.C. §3553(a).

### a. Mr. Deaton's Personal History and Characteristics

Mr. Deaton was born in a small town called Columbus, Indiana and he grew up on a farm in Shelbyville, Indiana. His parents divorced when he was eight or nine years old and he eventually lived with his father along with his younger brother throughout the rest of his childhood and adolescence. Unfortunately, Mr. Deaton's father and step-mother physically and verbally abused him when he was just a child. Mr. Deaton's mother also re-married a man who was not abusive but was involved in drug trafficking and the care of dangerous animals on their property. Mr. Deaton explains that he grew up in the same environment as

portrayed in the famous documentary, "Tiger King." Both his mother and father abused illicit substances. Mr. Deaton did not have a strong family network growing up and he is currently estranged from his parents and sibling.

When Mr. Deaton was 22 years old, he left his home with very little money to start a life of his own. He worked in a factory working long hours and eventually moved to Bloomington, Indiana to reside with his brother.

Despite the toxic environment in which he was raised, Mr. Deaton graduated high school and attended college, eventually earning a Bachelor's degree in Informatics and then a Master's Degree in Information Security. Mr. Deaton was naturally gifted in math and physics and went on to start a doctorate program in Logical and Mathematical Foundations which he was unable to finish because his health began to deteriorate at that time.

At the age of 33, Mr. Deaton was diagnosed with Crohn's disease.[1] Ever since then, he has suffered from worsening conditions due to this incurable disease. His symptoms have become so severe that he is afraid to eat anything out fear that he will experience excruciating pain as a result. Mr. Deaton has been to countless doctors and has tried countless medications and has not been able to find a treatment plan to manage this illness. As a result, he has lost every job he has ever obtained and has been denied disability benefits no matter how hard he tries to explain the impact his illness has on his employability. With no income or family support, Mr. Deaton was forced to be homeless about six months ago having to leave

---

[1] https://www.crohnscolitisfoundation.org/what-is-crohns-disease

his brother's house because he could no longer pay the rent. Frustrated, tired, and alone, Mr. Deaton traveled to Washington, D.C. with the hope that the nation's capital could help him.

### b. Nature and Circumstances of the Offense

Mr. Deaton was caught literally red-handed while committing the offense with red paint on his hands while being arrested. He was not trying to evade law enforcement or hide behind his conduct. He wanted to get caught and purposefully used a type of paint that would not be permanent because it was not his intention to disrespect the memorial by permanently defacing it. Rather, it was his intention to get caught so that he could get help. Mr. Deaton accepted responsibility for this offense before entering a guilty plea and told NBC 4 what he did and why he did it.[2] Mr. Deaton was not trying to make a political statement and his actions were certainly not connected to any hatred towards America. He only went to the Washington Memorial because he knew it would create attention. However, he now understands the gravity of choosing this memorial and is ashamed of his actions. Mr. Deaton's actions represent a homeless man suffering from chronic illness who did not know what else or who else to turn to. He fully understands now that this was not the appropriate way to express his frustration or to seek help. He is sincerely remorseful and entered a guilty plea at the earliest opportunity.

### c. The Need to Promote Respect for the Law, Provide Just Punishment, Protect the Community and Provide Adequate

---

[2] *See Washington Monument Vandalized With Profanity, Splashed with Red Paint*, Dominique Moody, September 21, 2022 available at https://www.nbcwashington.com/news/local/washington-monument-vandalized-with-red-paint-profanities/3162201/ (last viewed on December 14, 2022).

### Deterrence, and the Need to Avoid Unwanted Sentencing Disparities

Based on Mr. Deaton's compliance with pre-trial supervision in the past few months, the Court can be assured that he will not repeat his conduct. Even though he does not have a residence, he has made sure to check in with probation and his counsel. He has also complied with the court's stay away order.

Mr. Deaton has been sufficiently deterred from future misconduct because he has already faced serious consequences for what he did. Mr. Deaton served approximately two days of jail time, which was a severe restriction of his liberty, especially given his illness. He also has experienced homelessness for the past few months in Washington, D.C., not being able to find shelter and mostly having to sleep on the streets and fend for himself. In the past month, the temperatures have dropped and he has often times slept in the cold. Mr. Deaton also tried several times to get medical assistance during this time, spending nights in the ER, and ultimately being told that the soonest available appointment with a specialist would not be until April 2023. He has also tried to get shelter and has explored every resource that he has been referred to.

Although there are no cases identical to Mr. Deaton's case, based on a review of past sentences imposed with similar misdemeanor charges, only one case in this jurisdiction was found. In this case, no jail time was given – suggesting that Mr. Deaton's recommended sentence would not cause any unwanted sentencing disparities.

- *US v. Scott Bloch,* 13-0005 (RLW): no jail time imposed and sentence of 24 months' probation given after defendant pled guilty to misdemeanor 18 U.S.C. §1361 for unlawfully conducted a wipe of government computers, rendering them useless. It does not appear that Mr. Bloch served any jail time awaiting his sentence. Unlike this case, Mr. Deaton did not cause permanent damage and the Washington Memorial has been restored.

The interest in supervising Mr. Deaton by placing him on probation is outweighed by the extraordinary circumstances described above and the difficulties that would be presented with supervising an individual without a residence, who has no ties to this area. Mr. Deaton is a 44 year old man with no criminal history who made an error in judgment and he will not repeat this behavior. He will not give up on his efforts to get help but he wishes to move to a warmer climate given the fact that he is still homeless and winter is upon us. Based on the above reasons, a sentence of time-served is appropriate with no supervision to follow.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Maria N. Jacob
Assistant Federal Public Defender
625 Indiana Ave. NW, Ste. 550
Washington, D.C. 20004
(202) 208-7500
Maria_jacob@fd.org