# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : Crim. No. 22-CR-335 (MAU) |
| v. | : |
| **SHAUN DEATON,** | : |
| Defendant. | : |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Memorandum in Aid of Sentencing. For the reasons herein, the United States requests that the Court sentence the defendant to a period of 12 months of probation. Additionally, under the Mandatory Victim Restitution Act, the defendant should be ordered to pay $3,034.99 to the National Mall and Memorial Parks. In support of this sentence, the government states the following.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 22, 2022, the defendant was charged by criminal complaint with felony Destruction of Federal Property, in violation of 18 U.S.C. § 1361. On October 17, 2022, the defendant pled guilty via information to the lesser-included misdemeanor of 18 U.S.C. § 1361. The plea was based on the following facts:

1. On September 20, 2022, the defendant traveled to the Washington Monument, located on the National Mall at 2 15th Street, N.W., Washington, D.C. 20024. Using red paint and a brush, the defendant painted the side of the monument. Specifically, he painted a large red blot and lettering that stated, "Have U been fucked by this. Gov says tough shit." The defendant was apprehended by United States Park Police Officers in the

process of painting the monument with a brush still in his hand and red paint on his clothes and body.

2. The Washington Monument and the surrounding grounds are property of the United States and listed on the National Register of Historic Places.

3. The defendant noted that he used regular Valspar paint for the home rather than a substance that would have made it much more difficult to remove.

## DISCUSSION AND RECOMMENDATION

**I.     Generally Applicable Legal Principles**

When determining the appropriate sentence, the district court should consider all of the applicable factors set forth in 18 U.S.C. § 3553(a). See United States v. Gall, 128 S. Ct. 586, 596 (2007). The listed factors in 18 U.S.C. § 3553(a) include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for –
>    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
>       (i) issued by the Sentencing Commission ...; and
>       (ii) that, . . . are in effect on the date

      the defendant is sentenced; ...

 (5) any pertinent policy statement –
   (A) issued by the Sentencing Commission ... and
   (B) that, . . . is in effect on the date the defendant is
   sentenced.

 (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

 (7) the need to provide restitution to any victims of the offense.

## II. Defendant's Sentencing Guidelines Calculation

### A. Total Offense Level

The base offense level of eight applies for a violation of 18 U.S.C. § 1361, pursuant to U.S.S.G. § 2B1.5. Additionally, an additional two levels are added because the Washington Monument is a national monument and listed on the National Register of Historic Places. *See* U.S.S.G. § 2B1.5(b)(2). Further, because the cost of the damage was between $2,500 and $6,500, one level is added under U.S.S.G. § 2B1.5(b)(1)(A). As set forth the plea agreement, the total offense level is decreased by two points, resulting in a total offense level of 9. *See* Plea Agreement at ¶ 4(A).

### B. Criminal History Category

The PSR writer confirmed that the defendant has no prior criminal history placing him in Category I. *See* PSR ¶ 28.

### C. Sentencing Guideline Range

With an offense level of 9 and a Criminal History that falls in Category I, the guidelines' range for the defendant under the Plea Agreement is 4-10 months of incarceration. *See* PSR ¶ 5, 70. Since the applicable guideline range is in Zone B of the Sentencing Table, the minimum term may be satisfied by (1) a sentence of imprisonment; (2) a sentence of imprisonment that includes

a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G § 5C1.1(e), provided that at least one month is satisfied by imprisonment; or (3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment according to the schedule in U.S.S.G. § 5C1.1(e). U.S.S.G. § 5C1.1(c). The Court may impose a term of supervised release of not more than one year. 18 U.S.C. § 3583(b)(2); *see* PSR ¶ 85. As for probation, because the offense level is six or more, the term shall be at least one year but not more than five. U.S.S.G. § 5B1.1(a)(2).

### III.   Sentencing Recommendation

Despite the sentencing guidelines range, the government believes that the factors enumerated in 18 U.S.C. § 3553(a) dictate that a probationary sentence without any term of incarceration, community confinement, or home detention is appropriate for the defendant. Therefore, the government is seeking a sentence of 12 months' probation.

#### A.   The Nature of the Offense

The defendant's conduct in this case was misguided. The Washington Monument is a beloved symbol of our city and our country. People come from all over the world to see it and there are families and children in the area at basically all times.[1]

---

[1] The public's interest in the monument is obvious by the amount of news coverage that this incident received. *See, e.g.*, *Indiana Man arrested after Washington Monument is vandalized with red paint*, NBC NEWS, available at https://www.nbcnews.com/news/us-news/man-custody-washington-monument-vandalized-red-paint-rcna48688.







That said, the government notes that the defendant sought to take responsibility for his actions from the outset. He cooperated with law enforcement and immediately—through counsel—indicated that he wanted to plead guilty to the offense and accept full responsibility for the damage he did.

### B.     The History and Characteristics of the Defendant

Beyond the defendant's immediate acceptance of responsibility, the history and characteristics of the defendant also suggest the appropriateness of a probationary sentence. Despite being 44 years old, the defendant has no prior criminal history.

Additionally, as indicated in the PSR and the defense's sentencing memorandum, the defendant has significant health challenges. *See* PSR ¶¶ 47–51; Def. Mem. At 4. In fact, the government credits the defendant's explanation that this offense was a misguided cry for help resulting from the difficulties in treating his various ailments. His age and lack of criminal history demonstrates that when his health is under control, he presents little risk of criminal misconduct. This factor supports a probationary sentence, as a sentence focused on providing the defendant with opportunities for treatment most greatly serves the interests of justice.[2]

---

[2] A defendant's health problems have been found by courts to be grounds for variance from the Sentencing Guidelines. See, e.g., *United States v. McFarlin*, 535 F.3d 808, 810–12 (8th Cir. 2008) (variance to a sentence of probation was warranted in part based on the defendant's "poor health" and "need for medical care"); *United States v. Myers*, 503 F.3d 676, 687 (8th Cir. 2007) ("The district court did not abuse its discretion in finding that a shorter period of incarceration, with mental health treatment and supervised release, is the most effective sentence.").

### C. The Need to Provide Restitution to any Victims of the Offense

This conviction triggers mandatory restitution under the Mandatory Victim's Restitution Act, and the parties have agreed that the amount of loss to the victim—National Mall and Memorial Parks—is $3,034.99. As noted in the defense's memorandum, the defendant's health challenges have negatively impacted his employability. Def. Mem. at 4. A probationary sentence would allow the defendant to focus on his health, such that he could eventually reenter the workforce and potentially pay restitution.

### D. The Need for the Sentence Imposed

The defendant is someone in need of services. His potential—as indicated in part by his impressive educational background—has been hindered by his inability to maintain his health. The conviction itself on federal charges sends a message that the government takes vandalism of our nation's beloved landmarks and monuments seriously. However, as to this defendant, the interests of society are best served by providing the defendant services so that he can get his life back on track and hopefully find stable housing.

WHEREFORE, the government respectfully requests that the Court sentence the defendant to 12 months' probation.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By: \_\_\_\_/s/_____
Joshua Gold
TX Bar No. 24103101
Assistant United States Attorney, USAO-DC
601 D Street, NW
Washington, DC 20530
(202) 815-8965
Joshua.Gold@usdoj.gov